Alan F. Kaufman
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York NY 10169
Tel.: (212) 905-8300
Fax: (212) 922-1819
akaufman@mckennalong.com

Of Counsel:
Gaspare Bono
Song Jung
Adrian Mollo
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006-1108
Tel.: (202) 496-7500
Fax: (202) 496-7756

*FILED UNDER SEAL*

*Attorneys for Defendant LG Display Co., Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAI NIPPON PRINTING CO., LTD. and DNP COLOR TECHNO KAMEYAMA CO., LTD., <br><br> *Plaintiffs,* <br><br> v. <br><br> ADVANCED TECHNOLOGY INCUBATOR, INC. and LG DISPLAY CO., LTD., <br><br> *Defendants.* | CIVIL ACTION NO.: 2:08-cv-5515-JAG-MCA <br><br><br> *Electronically filed* <br><br><br> **FILED UNDER SEAL** |

## DECLARATION OF ALAN F. KAUFMAN

ALAN F. KAUFMAN, pursuant to 28 U.S.C. § 1746, hereby declares and states as follows:

1.      I am a member of the bar of this Court and an attorney with the law firm of McKenna Long & Aldridge LLP, counsel for Defendant LG Display Co., Ltd. ("LG Display").

2.      I make this Declaration in support of LG Display's Motion to Dismiss, made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), solely to introduce certain documents into the record.

3.      Attached as Exhibit 1 is a copy of an Assignment and Patent License Agreement dated as of December 14, 2006. **[FILED UNDER SEAL]**

4.      Attached as Exhibit 2 is a copy of an Assignment of Rights dated as of December 14, 2006, together with a copy of a United States Patent and Trademark Office Recordation Form Cover Sheet and a check dated January 18, 2007 made payable to the Commissioner of Patent & Trademarks.

5.      Attached as Exhibit 3 is a copy of an Acknowledgement and Addendum dated as of December 5, 2008. **[FILED UNDER SEAL]**

6.      Attached as Exhibit 4 is a copy of Answer to First Amended Complaint and Affirmative Defenses of DAI Nippon Printing and DNP Color Techno Kameyama Co., Ltd. in the action styled Advanced Technology Incubator, Inc. v. Sharp Corp., et al., United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:07-cv-468.

7.      Attached as Exhibit 5 is a copy of a Request for Service Abroad of Judicial or Extrajudicial Documents dated January 12, 2009.

8.      Attached as Exhibit 6 is a copy of a letter dated February 19, 2009 from Song K. Jung to Andrew T. Berry.

1

9.       Attached as Exhibit 7 is a copy of a letter dated February 23, 2009 from Christopher E. Chalsen to Song K. Jung.

10.      Attached as Exhibit 8 is a copy of a letter dated March 31, 2009 from Song K. Jung to Christopher E. Chalsen.

11.      Attached as Exhibit 9 is a copy of a letter dated April 7, 2009 from Christopher E. Chalsen to Song K. Jung.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       April 17, 2009

_____
                  Alan F. Kaufman

FILED UNDER SEAL

# EXHIBIT 1

FILED UNDER SEAL

# EXHIBIT 2

**Assignee:**    Advanced Technology Incubator, Inc. (ATI)

**Documents Filed:**

Assignment Recordation Cover Sheet (1 page)

Executed Assignment Document (1 page)

Exhibits 1 (2 pages)

Check in the amount of $120.00



**Via:** PTO Daily Run

**Sender's Initials:**    SKJ/amd                **Date:**        January 18, 2007

---

2395

**MCKENNA LONG & ALDRIDGE LLP**
303 PEACHTREE STREET, SUITE 5300
ATLANTA, GA  30308
PH. (404) 527-4000

DATE 1/18/07                    64-10-610

PAY
TO THE        COMMISSIONER OF PATENTS & TRADEMARKS
ORDER OF                                                        $ 120.00

One Hundred Twenty 00/100                                    DOLLARS

VOID AFTER 180 DAYS

**SunTrust**    ACH RT 061000104

FOR  ATI Assignment

⑈"002395⑈  ⑆:061000104⑆:  8800918065⑈"

Form PTO-1595
(Rev. 03/ 01)
OMB No. 0651-0027 (exp. 5/31/2002)

**RECORDATION FORM COVER SHEET**

# PATENTS ONLY

U.S. DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof

| | |
|---|---|
| 1. Name of conveying party(ies):<br><br>LG.Philips LCD Co., Ltd.<br><br><br>Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | 2. Name and address of receiving party(ies)<br><br>Name:  Advanced Technology Incubator, Inc.<br>Internal Address: _____<br>Street Address:<br>4506 Aqua Verde |
| 3. Nature of Conveyance:<br><br>☒ Assignment    ☐ Merger<br>☐ Security Agreement   ☐ Change of Name<br>☐ Other _____<br><br>Execution Date:      12/14/2006 | City:  Austin<br>State:  Texas         Zip: 78746<br>Additional name(s) & address(es) attached: ☐ Yes ☒ No |

4. Application number(s) or patent number(s):

If this document is being filed together with a new application, the execution date of the new application is: _____

A. Patent Application No.(s):                              B. Patent  No.(s):

5,281,450    RE 36,711    RE 37,682

Additional numbers attached?  ☐ Yes ☒ No

| | |
|---|---|
| 5. Name and address of party to whom correspondence concerning document should be mailed:<br><br>Name:  Song K. Jung<br>   MCKENNA LONG & ALDRIDGE LLP<br>Internal Address: Atty. Dkt.:<br><br>Street Address:<br><br>1900 K STREET, N.W.<br><br>City:             State:   Zip:<br>WASHINGTON       DC     20006 | 6. Total number of applications and<br>   patents involved:          1<br><br>7. Total fee (37 CFR 3.41)     $      120.00<br>   ☒ Enclosed<br>   ☐ Authorized to be charged to deposit account<br>   ☐ Authorized to be charged to credit card<br>      (Form 2038 enclosed)<br><br>8. Deposit account number:<br>            50-0911<br>   (Attach duplicate copy of this page if paying by deposit account) |

## DO NOT USE THIS SPACE

9. Statement and signature.

*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

| Song K. Jung, Reg. No. 35,210 | | January 18, 2007 |
|---|---|---|
| Name of Person Signing | Signature | Date |

Total number of pages including cover sheet, attachments, and documents:     2

DC:50454303.1

### Assignment of Rights

WHEREAS, LG.PHILLIPS LCD CO., LTD., a Korea corporation having offices at LG Twin Towers, 20, Yoido-dong, Youngdungpo-gu, Seoul 150-271 Korea ("LPL"), owns all right, title, and interest in U.S. Patent Nos. 5,281,450, entitled 'Method of Making Light Influencing Element for High Resolution Optical Systems"; U.S. Re. 36,711, entitled "Method of Fabricating a Liquid Crystal Display"; and U.S. Re. 37,682 E, entitled "Method of Fabricating a Liquid Crystal Display", and any invention claimed therein; and

ADVANCE TECHNOLOGY INCUBATOR, INC., a Michigan corporation having offices at 4506 Aqua Verde, Austin, Texas 78746 USA, ("ATI"), desires to own LPL's entire right, title, and interest, in all countries throughout the world, in and to U.S. Patent No. 5,281,450, entitled 'Method of Making Light Influencing Element for High Resolution Optical Systems"; U.S. Patent No. 5,576,070 "Method of Fabricating a Liquid Crystal Display"; U.S. Re. 36,711, entitled "Method of Fabricating a Liquid Crystal Display"; and U.S. Re. 37,682 E, entitled "Method of Fabricating a Liquid Crystal Display".

NOW THEREFORE, be it known that, for good and valuable consideration, receipt of which is hereby acknowledged, LPL hereby sells, assigns, transfers, and sets over to ATI, its lawful successors and assigns, LPL's entire right, title, and interest in and to the patents and applications shown in Exhibit A hereto, which includes but is not limited to U.S. Patent No. 5,281,450, U.S. Re. 36,711 and U.S. Re. 37,682 E, the inventions claimed or disclosed therein, and all Letters Patent of the United States that may be granted thereon, and all reissues, reexaminations, and extensions thereof; and all rights to claim priority on the basis of such application, and all applications for Letters Patent that may be filed for the inventions in any foreign country and all Letters Patent that may be granted on the inventions in any foreign country, and all extensions, renewals, and reissues thereof; and LPL hereby authorizes and requests the Commissioner of Patents and Trademarks of the United States and any official of any foreign country whose duty it is to issue patents on applications as described above, to issue all Letters Patent for the inventions to ATI, its successors and assigns, in accordance with the terms of this Assignment;

AND, LPL HEREBY further covenants that LPL has the full right to convey the interest assigned by this Assignment, and LPL has not executed and will not execute any agreement in conflict with this Assignment;

AND, LPL HEREBY further covenants and agrees that LPL, through its officers and employees, will communicate with ATI, its successors and assigns, any facts known to LPL and its officers and employees respecting the assigned rights and testify in any legal proceeding, sign all lawful papers when called upon to do so, and execute and deliver all papers, all as may be reasonably necessary or desirable to perfect the title to the inventions in said ATI, its successors and assigns, execute all divisional, continuation, and reissue applications, make all rightful oaths, and generally do everything possible to aid ATI, its successors and assigns, to obtain and enforce proper patent protection for the inventions in the United States and any foreign country, it being understood that any reasonable expense incident to such assistance and the execution of such papers shall be borne by ATI, its successors and assigns.

IN TESTIMONY WHEREOF, each Party has caused its authorized representative to execute this Assignment.

For **ADVANCED TECHNOLOGY INCUBATOR, INC.**

By: Zvi YANIV

Date: December 14, 06

For **LG.PHILIPS LCD CO., LTD.**

By: Joo Sup Kim

Date: December 5, 2006

## EXHIBIT A

### List of Patents

1. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
   Publication info:  DE69326745D D1 - 1999-11-18

2. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
   Publication info:  DE69326745T T2 - 2000-04-27

3. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
   Publication info:  DE69333000D D1 - 2003-06-26

4. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
   Publication info:  DE69333000T T2 - 2004-02-19

5. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
   Publication info:  EPO605685 A1 - 1994-07-13
   EPO605685 A4 - 1994-11-02
   EPO605685 B1 - 1999-10-13

6. A METHOD OF FABRICATING A LIQUID CRYSTAL DISPLAY
   Publication info:  EPO905544 A2 - 1999-03-31
   EPO905544 A3 - 1999-04-07
   EPO905544 B1 - 2003-05-21

7. METHOD OF FABRICATING A LIQUID CRYSTAL DISPLAY
   Publication info.  USRE36711EE - 2000-05-23

8. METHOD OF FABRICATING A LIQUID CRYSTAL DISPLAY
   Publication info:  USRE37682E E1 - 2002-04-30

9. METHOD OF MAKING LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS
   Publication info:  US5281450 A - 1994-01-25

10. METHOD OF FABRICATING A LIQUID CRYSTAL DISPLAY
    Publication info:  US5576070 A - 1996-11-19

11. LIGHT INFLUENCING ELEMENT FOR HIGH RESOLUTION OPTICAL SYSTEMS AND METHOD OF MAKING SAME
    Publication info:  WO9324240 A1 - 1993-12-09

12.   This <u>Exhibit A</u> includes all applications, continuations, continuations in part, divisionals, reissues, reexaminations, or extensions, as well as the foreign counterparts thereof, of the patents listed in Sections 1 through 11 above.

FILED UNDER SEAL

# EXHIBIT 3

FILED UNDER SEAL

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ADVANCED TECHNOLOGY INCUBATOR,
INC.,
                      Plaintiff,

      v.

SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
DAI NIPPON PRINTING, and
DNP COLOR TECHNO KAMEYAMA CO,
LTD.

                Defendants.

CIVIL ACTION NO. 2:07-cv-468

**DEFENDANTS DAI NIPPON PRINTING AND DNP COLOR TECHNO KAMEYAMA CO, LTD. ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Dai Nippon Printing ("DNP"), and DNP Color Techno Kameyama Co., Ltd. ("DCTK") (collectively "Defendants") answer plaintiff Advanced Technology Incubator, Inc. ("ATI")'s Original Complaint as follows:[1]

## PARTIES

1.      On information and belief, Defendants admit that plaintiff ATI is a Michigan corporation with a principal place of business in Austin, Texas.

2.      The allegations of paragraph 2 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore deny them.

---

[1] Defendants aver that no answer is required to the headings or references to exhibits contained throughout the complaint, and to the extent that an answer is required, Defendants deny any and all allegations in such headings and references to exhibits.

3.      The allegations of paragraph 3 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore deny them.

4.      The allegations of paragraph 4 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore deny them.

5.      Defendant DNP admits that it is a Japanese Corporation with its principal place of business at 1-1-1, Ichigaya Kagacho, Shinjuku-ku, Tokyo 162-8001, Japan.

6.      Defendant DCTK admits that it is a Japanese Corporation with its principal place of business at 464 Kougawa, Shiraki-cho, Kameyama City, Mie., Japan.

7.      Defendants admit to operating certain equipment within a color filter manufacturing line in Sharp's Kameyama Plant Number 2 in Kameyama, Japan.  Defendants otherwise deny all other allegations in paragraph 7.

8.      To the extent that any allegations in paragraph 8 are directed at Sharp and Sharp Electronics Corporation (hereafter "SEC"), such allegations are not directed to Defendants, and therefore no answer is required.  To the extent that any allegations in paragraph 8 are directed at Sharp and SEC, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.  Defendants deny all other allegations in paragraph 8.

9.      To the extent that any allegations in paragraph 9 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  To the extent that any allegations in paragraph 9 are directed at Sharp and SEC, Defendants are without

2

knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations. Defendants deny all other allegations in paragraph 9.

## JURISDICTION AND VENUE

10.    Defendants restate and incorporate by reference paragraphs 1 through 9 of this Answer.

11.    To the extent that they set forth legal conclusions, the allegations in paragraph 11 require no response. Defendants admit that ATI's complaint alleges infringement under United States Patent laws and that this Court has subject matter jurisdiction over patent law claims. Defendants deny all other allegations in paragraph 11.

12.    Defendants deny all allegations in paragraph 12.

13.    Defendants deny all allegations in paragraph 13.

## THE INVENTOR AND THE PATENTS-IN-SUIT: U.S. PATENT NOS. RE37,682 AND RE36,711

14.    Defendants restate and incorporate by reference paragraphs 1 through 13 of this Answer.

15.    Defendants deny all allegations about the validity of U.S. Patent No. RE37,682 (the "'682 patent") in paragraph 15. Defendants admit that the '682 patent is entitled "Method of Fabricating a Liquid Crystal Display," and that the '682 patent bears a reissuance date of April 30, 2002. With respect to all other allegations in paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny them.

16.    Defendants deny all allegations about the validity of U.S. Patent No. RE36,711 (the "'711 patent") in paragraph 16. Defendants admit that the '711 patent is entitled "Method of Fabricating a Liquid Crystal Display," and that the '711 patent bears a reissuance date of May 23,

3

2000.  With respect to all other allegations in paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny them.

17.     The allegations in paragraph 17 set forth legal conclusions for which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to whether ATI owns or has full rights to sue, enforce, and recover damages for infringements of the '682 patent or the '711 patent (collectively, the "patents-in-suit") and therefore deny the allegations in paragraph 17.

18.     The allegations of paragraph 18 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to the allegations in paragraph 18 and therefore deny the allegations in paragraph 18.

19.     The allegations of paragraph 19 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to the allegations in paragraph 19 and therefore deny the allegations in paragraph 19.

20.     The allegations of paragraph 20 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to the allegations in paragraph 20 and therefore deny the allegations in paragraph 20.

21.     The allegations of paragraph 21 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to the allegations in paragraph 21 and therefore deny the allegations in paragraph 21.

22.     The allegations of paragraph 22 are not directed to Defendants, and therefore no answer is required.  The allegations in paragraph 22 set forth legal conclusions for which no response is required.   Defendants otherwise deny the allegations in paragraph 22.

23.     The allegations of paragraph 23 are not directed to Defendants, and therefore no answer is required.  Because paragraph 23 appears to be an over-simplification and is ambiguously worded, Defendants deny the allegations in paragraph 23.

24.     The allegations of paragraph 24 are not directed to Defendants, and therefore no answer is required.  Because paragraph 24 appears to be an over-simplification and is ambiguously worded, Defendants deny the allegations in paragraph 24.

25.     The allegations of paragraph 25 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 25 and therefore deny the allegations in paragraph 25.

26.     The allegations of paragraph 26 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 26 and therefore deny the allegations in paragraph 26.

### THE DEFENDANTS' INFRINGEMENT OF ATI'S PATENT

27.     Defendants restate and incorporate by reference paragraphs 1 through 26 of this Answer.

28.     To the extent that any allegations in paragraph 28 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  To the extent that any allegations in paragraph 28 are directed at Sharp and SEC, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.  See paragraph 7 of this Answer.  Defendants deny all other allegations in paragraph 28.

29.     Denied.

30.     The allegations of paragraph 30 are not directed to Defendants, and therefore no answer is required.  Defendants otherwise deny  the allegations in paragraph 30.

5

31.     To the extent that any allegations in paragraph 31 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Moreover paragraph 31 is vague and ambiguous in alleging that "Defendants use inkjet technology to manufacture color filters."  Accordingly, Defendants otherwise deny the allegations in paragraph 31.

32.     To the extent that any allegations in paragraph 32 are directed at Sharp and SEC, (a) such allegations are not directed to Defendants, and therefore no answer is required; and (b) Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.   See paragraph 7 of this Answer. Defendants deny all other allegations in paragraph 32.

33.     To the extent that any allegations in paragraph 33 are directed at Sharp and SEC, (a) such allegations are not directed to Defendants, and therefore no answer is required; and (b) Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.  Defendants deny importing or having imported any LCD televisions into the United States from Sharp's Kameyama Number 2 plant. Defendants deny all other allegations in paragraph 33.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

34.     Defendants restate and incorporate by reference paragraphs 1 through 33 of this Answer.

35.     Defendants deny all allegations of infringement in paragraph 35.  To the extent that any allegations in paragraph 35 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants deny all other allegations in paragraph 35.

36.    To the extent that any allegations in paragraph 36 are directed at Sharp and SEC, (a) such allegations are not directed to Defendants, and therefore no answer is required; and (b) Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.

37.    Defendants deny all allegations of infringement in paragraph 37.  To the extent that allegations in paragraph 37 set forth legal conclusions, no response is required.  The remaining allegations of paragraph 37 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to any remaining allegations in paragraph 37 and therefore deny such remaining allegations in paragraph 37.

38.    To the extent that any allegations in paragraph 38 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants otherwise deny the allegations in paragraph 38.

39.    To the extent that allegations in paragraph 39 set forth legal conclusions, no response is required.  To the extent that any allegations in paragraph 39 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants otherwise deny the allegations in paragraph 39.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

40.    Defendants restate and incorporate by reference paragraphs 1 through 39 of this Answer.

41.    Defendants deny all allegations of infringement in paragraph 41.  To the extent that any allegations in paragraph 41 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants deny all other allegations in paragraph 41.

42.     To the extent that any allegations in paragraph 42 are directed at Sharp and SEC, (a) such allegations are not directed to Defendants, and therefore no answer is required; and (b) Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny such allegations.

43.     Defendants deny all allegations of infringement in paragraph 43.  To the extent that allegations in paragraph 43 set forth legal conclusions, no response is required.  The remaining allegations of paragraph 43 are not directed to Defendants, and therefore no answer is required.  Defendants are without knowledge or information sufficient to form a belief with respect to any remaining allegations in paragraph 43 and therefore deny such remaining allegations in paragraph 43.

44.     To the extent that any allegations in paragraph 44 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants otherwise deny the allegations in paragraph 44.

45.     To the extent that allegations in paragraph 45 set forth legal conclusions, no response is required.  To the extent that any allegations in paragraph 45 are directed at Sharp and SEC, such allegations are not directed to Defendants, and therefore no answer is required.  Defendants otherwise deny the allegations in paragraph 45.

## PRAYER FOR RELIEF IN COMPLAINT

These paragraphs set forth the statement of relief requested by ATI to which no response is required.  Defendants deny that ATI is entitled to any of the requested relief and denies any allegations.

## DEMAND FOR JURY TRIAL

This paragraph sets forth ATI's request for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

1.      Defendant does not infringe and has not infringed (not directly, contributorily, or by inducement either literally or under the doctrine of equivalents) any claim of the '682 and '711 patents.

2.      The claims of the '682 and '711 patents are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, 112 and 132 of Title 35 of the United States Code.

3.      The claims of the patents-in-suit are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, estoppel, and/or equitable estoppel.

4.      ATI cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

a. A judgment dismissing ATI's complaint against Defendants with prejudice;

b. A declaration that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any claims of the '682 and '711 patents;

c. A declaration that the '682 and '711 patents are invalid;

d. A judgment limiting or barring ATI's ability to enforce the '682 and '711 patents in equity;

e. A judgment declaring and adjudging this case to be exceptional in favor of Defendants and awarding Defendants' reasonable costs and attorneys' fees in connection with this action; and

f. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

DATED:  March 24, 2008                    Respectfully submitted,

By:      /s/ Sean F. Rommel_____
         MILBANK, TWEED, HADLEY & McCLOY LLP
         Christopher E. Chalsen (*pro hac vice*)
         Lawrence T. Kass (*pro hac vice*)
         Dana R. Weir (*pro hac vice*)
         One Chase Manhattan Plaza
         New York, NY 10005
         (212) 530-5000
         (212) 822-5844 (fax)

         Sean F. Rommel (24011612)
         PATTON ROBERTS, PLLC
         2900 St. Michael Drive, Suite 400
         Texarkana, TX 75501
         (903) 334-7000
         (903) 334-7007 (fax)

         *Attorneys for*
         *Dai Nippon Printing and*
         *DNP Color Techno Kameyama Co., Ltd.*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANTS DAI NIPPON PRINTING AND DNP COLOR TECHNO KAMEYAMA CO, LTD. ANSWER AND AFFIRMATIVE DEFENSES,** via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Sean F. Rommel
Sean F. Rommel

# EXHIBIT 5



**U.S. Department of Justice**
United States Marshals Service

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Lawrence T. Kass<br>Milbank, Tweed, Hadley, and McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>(212-530-5000) | National Court Administration<br>Attn.: Director of International Affairs<br>967, Seocho-dong, Seocho-gu<br>SEOUL 137-750<br>Republic of Korea |

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)**
*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
*(identité et adresse)*

LG Display Co., Ltd., LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul 150-721, The Republic of Korea

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*a) selon les formes légales (article 5 alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

(1) Complaint for Declaratory Relief
(2) Translation of Complaint for Declaratory Relief
(3) Summons
(4) Translation of Summons

Done at *New York NY*, the *12 JAN 2009*
*Fait à*, le

Signature and/or stamp
*Signature et/ou cachet*

*Delete if inappropriate
Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1) que la demande a été exécutée*
    – the (date) – *le (date)* _____
    – at (place, street, number) - *à (localité, rue, numéro)* _____

    – in one of the following methods authorized by article 5: _____
    – *dans une des formes suivantes prévues à l'article 5:*

    ☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
        *a) selon les formes légales (article 5, alinéa premier, lettre a)*

    ☐ (b) in accordance with the following particular method:
        *b) selon la forme particulière suivante:* _____

    ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
        *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

    - (identity and description of person)
    - *(identité et qualité de la personne)*
    _____

    - relationship to the addressee family, business or other
    - *liens de parenté de subordination ou autres avec le destinataire de l'acte:*
    _____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées:*

_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____

Done at _____ , the
*Fait à* _____ , *le*

Signature and/or stamp
*Signature et/ou cachet*

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

Lawrence T. Kass, Milbank, Tweed, Hadley, & McCloy, LLP, 1 Chase Manhattan Plaza, NY, NY 10005

Service is requested pursuant to Rule 4(c)(2)(A), U.S. Federal Rules of Civil Procedure

**Particulars of the parties:**
*Identité des parties:*

Attorney representing plaintiffs DAI NIPPON PRINTING CO., LTD. et al.

## JUDICIAL DOCUMENT
### *ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Complaint for declaratory relief regarding U.S. Patent Nos. RE37,682 and RE36,711.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Plaintiffs seek declaration of U.S. District Court, District of New Jersey, regarding above patents.

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

Addressee must enter appearance before the N.J. court in accordance with the time limit provided below.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

Not applicable

**Dale of judgment**:**
*Date de la décision:*

Not applicable

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

Addressee must serve an answer or FRCP 12 motion within 20 days after receipt of the attached complaint.

## EXTRAJUDICIAL DOCUMENT
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Not applicable

**Time limits stated in the document:**
*Indication des délais figurant dans l'acte:*

Not applicable

# EXHIBIT 6

# McKenna Long
## & Aldridge LLP
Attorneys at Law

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

SONG K. JUNG
(202) 496-7413

EMAIL ADDRESS
sjung@mckennalong.com

February 19, 2009

*By E-Mail (aberry@mccarter.com) and Federal Express*

Andrew T. Berry
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4096

Re:   *Dai Nippon Printing Co., Ltd. ("DNP"), et al. vs. Advanced Technology
Incubator, Inc. ("ATI"), et al.*

Dear Mr. Berry,:

My firm has been retained by LG Display Co., Ltd. in the above referenced case filed by
you on behalf of your client, Dai Nippon Printing Co., Ltd. ("DNP"), in the U.S. District Court
for the District of New Jersey.

Based on our investigation, we have determined both that this Complaint was improperly
filed in the District of New Jersey and that LG Display has been improperly joined as a party to
the action. Consequently, I am writing to request that DNP immediately dismiss this action. If
DNP declines, LG Display will move to dismiss this Complaint, for reasons including the
following arguments.

To begin, LG Display is not subject to either general or specific personal jurisdiction in
the U.S. District Court for the District of New Jersey. DNP's allegation that LG Display is
susceptible to personal jurisdiction (in New Jersey) because it purportedly assisted another
company with the filing of a lawsuit (in Texas) misses entirely the standards of fair play and
substantial justice required by due process.

Next, as I expect you are aware, ATI is the sole and unfettered owner of the patents at
issue in this Complaint. LG Display assigned any and all ownership rights it had in these patents
to ATI on December 5, 2006. Given LG Display's presence is not needed for adjudication of the
claims in DNP's Complaint, a fact which is plain from the record, LG Display should not have
been joined as a party to this action.

DC:50603347.1

Andrew T. Berry
February 19, 2009
Page 2

Finally, an action with regard to these patents is already underway in U.S. District Court in Texas. DNP's claims of invalidity, non-infringement, and unenforceability of these patents are properly heard there, not in a new and much later action, filed with a Court that lacks any meaningful connection to the dispute.

It is hard to understand how this Complaint can be seen as anything other than vexatious multiplication of litigation, designed to harass a non-party, increase litigation costs for ATI (and consequently non-party LG Display), and delay the patent infringement proceedings pending in Texas.

Please confirm by Monday, February 23 whether DNP will consent to the dismissal of the Complaint. If DNP declines, LG Display will have not choice but to move to dismiss the Complaint and seek reimbursement of its related attorneys' fees, costs, and expenses. Furthermore, LG Display will seek sanctions for DNP's assertion of these unwarranted claims and its faulty pre-filing investigation.

I look forward to receiving your response.

Sincerely,

Song K. Jung /AM

Song K. Jung

# EXHIBIT 7

# MILBANK, TWEED, HADLEY & McCLOY LLP

### 1 CHASE MANHATTAN PLAZA

### NEW YORK, N.Y. 10005-1413

---

212-530-5000

FAX: 212-530-5219

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
020-7615-3000
FAX: 020-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

**BEIJING**
8610-5123-5120
FAX: 8610-5123-5191

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

**CHRISTOPHER E. CHALSEN**
PARTNER
DIRECT DIAL NUMBER
(212) 530-5380
DIRECT FACSIMILE
(212) 822-5380
E-MAIL: cchalsen@milbank.com

February 23, 2009

**VIA E-MAIL**
Song K. Jung
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

> Re:  Dai Nippon Printing Co., Ltd., et al. v. Advanced Technology
> Incubator, Inc., et al., D.N.J. No. 2:08-cv-05515

Dear Mr. Jung:

This responds to your February 19, 2009 letter to Andrew Berry.

We believe the merits of DNP's claims and its course of action are plain from the factual record and the law.  ATI filed a facially baseless infringement claim against Sharp and DNP in Texas based on patents which DNP and Sharp do not infringe and in which ATI lacks all substantial ownership rights.  The interests not owned by ATI, on information and belief, were retained by LG Display.

As we assume you are aware, DNP and Sharp have filed a motion to dismiss the Texas action for lack of standing on the grounds that ATI is not the owner of all substantial rights in the patents-in-suit.  The facts documenting the ownership issue are fully set out in the defendants' briefing in the Texas court.

Moreover, to remove the litigation cloud raised by ATI surrounding these patents, DNP was compelled to file a new action seeking a declaratory judgment of invalidity and non-infringement against both ATI and LG Display as the apparent owners of all substantial interest in the patents.  As set forth in the complaint, we believe the District of New Jersey is an appropriate forum for resolving this dispute.

Song K. Jung
February 23, 2009
Page Two

DNP certainly does not want to cause any unnecessary hardship to LG Display. Nevertheless, it is compelled to continue this action until the cloud of ATI's meritless claim is removed. While we are open to considering a reasonable extension of time for LG Display to respond to the complaint, DNP expects LG Display and ATI to respond in a timely manner as required by the Federal Rules.

Very truly yours,

Christopher E. Chalsen

# EXHIBIT 8

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

| | | |
|---|---|---|
| Albany | | New York |
| Atlanta | | Philadelphia |
| Brussels | | Sacramento |
| Denver | | San Diego |
| Los Angeles | | San Francisco |
| | | Washington, D.C. |

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

SONG K. JUNG
(202) 496-7413

EMAIL ADDRESS
sjung@mckennalong.com

March 31, 2009

**BY E-MAIL** *CCHALSEN@MILBANK.COM*

Christopher E. Chalsen
Milbank
One Chase Manhattan Plaza
New York, NY 10005-1413

Re:     *Dai Nippon Printing Co., Ltd. ("DNP"), et al. vs. Advanced Technology
        Incubator, Inc. ("ATI"), et al.*, 2:33 AV 00001 (D.N.J. 2008)

Dear Mr. Chalsen:

I am writing in response to your letter of February 23, 2009. I appreciate your assurance that Dai Nippon Printing Co., Ltd. ("DNP") does not wish to cause any unnecessary hardship to LG Display Co. Ltd. ("LG Display"). For that reason, LG Display requests that DNP reconsider its decision not to dismiss LG Display from this action.

DNP has no cognizable claim against LG Display with respect to US RE 37,682 and US RE 36,711 (the "Patents in Suit"). LG Display has assigned any and all ownership rights it may have had in the Patents in Suit to ATI, by an "Assignment and Patent License Agreement" (the "Agreement") dated December 5, 2006. By that Agreement, LG Display assigned to ATI

its entire right, title, and interest in the [Patents in Suit] to be held and enjoyed by ATI, its successors, and assigns, as fully and entirely as the same would have been held and enjoyed by [LG Display] had this assignment and sale not been made, including [LG Display]'s right, title and interest in and to all causes of action and enforcement rights, whether currently pending, filed, or otherwise, for the [Patents in Suit], including without limitation, all rights to pursue all past, present and future damages, injunctive relief, and other remedies for past, present and future infringement of the [Patents in Suit].

Agreement at § 2.

Christopher E. Chalsen
March 31, 2009
Page 2

Despite this assignment, DNP has asserted that LG Display retained "substantial rights" to the Patents in Suit, by virtue of its right to consent to the sale of the Patents in Suit (as provided by Section 3.3 of the Agreement). In order to resolve any ambiguity arising from that right of consent, LG Display executed an "Acknowledgement and Addendum" (the "Addendum") on December 5, 2008, by which LG Display ceded to ATI *any and all* rights it may have had to consent to the sale of the Patents in Suit. The only rights LG Display retained following this Addendum are non-substantive in nature.

Having clarified and confirmed its assignment of all substantial rights to ATI, LG Display's presence is neither necessary nor appropriate for adjudication of the claims asserted by DNP. Instead, it appears DNP has added LG Display to this action purely for strategic reasons, so as to further its agenda either in Texas or with respect to ATI. LG Display is confident that it will succeed in a motion to dismiss DNP's claims, but LG Display has no desire to engage in costly motions practice. Please confirm by Friday, April 3 whether DNP will dismiss LG Display from this New Jersey action. If DNP declines, LG Display will move to dismiss this New Jersey action, for reimbursement of its attorneys' fees and costs, and for an appropriate award of sanctions for DNP's assertion of these unwarranted claims and its faulty pre-filing investigation.

I look forward to receiving your response.

Respectfully,

Song K. Jung

cc:     Lawrence T. Kass (LKass@milbank.com)
        Nathaniel T. Browand (NBrowand@milbank.com)
        ATI-wg@milbank.com

# EXHIBIT 9

## MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

| | | |
|---|---|---|
| **LOS ANGELES**<br>213-892-4000<br>FAX: 213-629-5063 | | **BEIJING**<br>8610-5123-5120<br>FAX: 8610-5123-5191 |
| **WASHINGTON, D.C.**<br>202-835-7500<br>FAX: 202-835-7586 | | **HONG KONG**<br>852-2971-4888<br>FAX: 852-2840-0792 |
| **LONDON**<br>020-7615-3000<br>FAX: 020-7615-3100 | **CHRISTOPHER E. CHALSEN**<br>PARTNER<br>DIRECT DIAL NUMBER<br>(212) 530-5380<br>DIRECT FACSIMILE<br>(212) 822-5380<br>E-MAIL: cchalsen@milbank.com | **SINGAPORE**<br>65-6428-2400<br>FAX: 65-6428-2500 |
| **FRANKFURT**<br>49-69-71914-3400<br>FAX: 49-69-71914-3500 | | **TOKYO**<br>813-3504-1050<br>FAX: 813-3595-2790 |
| **MUNICH**<br>49-89-25559-3600<br>FAX: 49-89-25559-3700 | | |

April 7, 2009

**BY E-MAIL**
**CONFIRMATION BY FIRST CLASS MAIL**
Song K. Jung
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108

      Re:   Dai Nippon Printing Co., Ltd., et al. v. Advanced Technology
           Incubator, Inc., et al., D.N.J. No. 2:08-cv-05515

Dear Mr. Jung:

      This responds to your letter of March 31, 2009.

      As stated in my February 23, 2009 letter, we continue to believe that both the
New Jersey declaratory judgment action and the motion to dismiss the Texas action for
lack of standing are meritorious because ATI lacks all substantial ownership interest in
the patents-in-suit.  Indeed, the fact that ATI felt compelled to amend its agreements with
LG Display in response to our motion to dismiss confirms that LG Display had not
assigned or transferred all substantial rights in the patents to ATI at the time the motion to
dismiss and the declaratory judgment complaint were filed.  Moreover, as further
explained in defendants' briefing in the Texas court, even the amended agreement leaves
LG Display with substantial ownership rights in the patents-in-suit.

      Accordingly, DNP is compelled to continue the New Jersey action against both
LG Display and ATI until the cloud of the meritless claim involving the subject patents is
removed.

                    Sincerely yours,

                    Christopher E. Chalsen

NY2:#4830176v1