UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAI NIPPON PRINTING CO., LTD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED TECHNOLOGY INCUBATOR, *et al.*,<br><br>Defendants. | Civil Action Number:<br>2:08-cv-5515<br>JAG-MCA<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I. INTRODUCTION

On November 7, 2008, Plaintiffs Dai Nippon Printing Co., Ltd. and DNP Color Techno Kameyama Co., Ltd. brought this action against Defendants Advanced Technology Incubator, Inc. (ATI) and LG Display Co., Ltd. (LGD) seeking a declaration of invalidity and non-infringement in regard to the '682 Patent. This Court dismissed the action on January 20, 2011. The claims against ATI were dismissed with prejudice; the claims against LGD were dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). LGD takes the view that these claims were dismissed without prejudice. On April 25, 2011, LGD sent[1] a letter motion seeking to reopen the Court's final order terminating this case. LGD seeks the entry of an order dismissing with prejudice all claims against LGD. For the reasons elaborated below, all relief is **DENIED**.

### II. STANDARD OF REVIEW

LGD seeks the entry of an order effectively amending the Court's January 20, 2011 order terminating this case. However, in its opening letter "brief," LGD cites no constitutional provision, no statutory provision, no common law principle, nor any specific federal rule supporting its claim for relief. It appears that LGD is seeking relief under Federal Rule of

---

[1] Puzzlingly, LGD's April 25 and May 2, 2011 letter "filings" do not appear on the Court's electronic CM/ECF docket. The Court construes the April 25 filing as LGD's opening "brief," and the May 2, 2011 filing as LGD's reply "brief."

1

Civil Procedure 60(b) (Relief from a Judgment or Order). Under Rule 60(c), any such Rule 60(b) motion "must be made within a reasonable time – and for reasons [under Rule 60(b)] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." To the extent LGD's claim were characterized, instead, as a motion to reconsider, such motions must be "served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." N.J. L.R. 7.1(i).

### III. FACTS

On October 29, 2007, ATI filed a patent infringement suit against Dai Nippon and DNP in the United States District Court for the Eastern District of Texas. On November 7, 2008, Dai Nippon and DNP filed a parallel action in this Court against ATI seeking a declaration of invalidity. The New Jersey suit was also filed against LGD (which was not a party to the Texas action). The Texas action was dismissed on January 6, 2011. This action was dismissed on January 20, 2011.

### IV. ANALYSIS

This case was terminated by order of this Court on January 20, 2011. LGD does not claim that it lacked notice and an opportunity to be heard. If LGD had been disadvantaged by the Court's January 20, 2011 decision, it could have sought timely reconsideration during February 2011 or it could have appealed. Months later, on April 25, 2011, LGD sought to amend the final order and reopen the case. LGD's opening letter brief cites no legal authority for its position. More importantly, LGD's brief provides no explanation for its three-month delay. Because LGD has supplied *no* reason for its delay, the Court must construe its delay as *per se* unreasonable. *See* Fed. R. Civ. P. 60(c). In these circumstances relief from judgment under either Rule 60 or Local Rule 7.1 would be inappropriate.

On a final note, the Court adds that LGD may have some recourse. This Court dismissed the claims against LGD per Rule 41(a)(1)(A)(i). This Court did not expressly state whether those claims were dismissed with or without prejudice. Rule 41(b) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." The Court lacks information in regard to the terms or facts underlying the dismissal of the Texas action. And it would appear that the effect of the Rule 41(b) dismissal between the parties should not be adjudicated unless either or both Plaintiffs dragoon LGD into a live suit as a defendant. In short, a judicial determination of the effect of the Rule 41(b) dismissal does not appear to be ripe.

### V. CONCLUSION

For the reasons elaborated above, all relief is **DENIED**. This terminates this action.

DATE: May /6, 2011                                William J. Martini, U.S.D.J.

2